MS USAO#2024R00669

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. William J. Martini |
| | : | |
| v. | : | Crim. No. 24- 715 |
| | : | |
| TAISHA BRAMWELL | : | 18 U.S.C. § 371 18 U.S.C. § 1341 |
| | : | |

## I N F O R M A T I O N

The defendant having waived in open court prosecution by Indictment, the United States Attorney for the District of New Jersey charges as follows:

### COUNT ONE
(Conspiracy to Defraud the United States)

1. At all times relevant to this Information:

   a. Defendant TAISHA BRAMWELL ("BRAMWELL") resided in Teaneck, New Jersey. Bramwell was the registered owner of three businesses: Live Life Clean; L & R Events; and Stampd Up Inc. (the "Companies"). The Companies were not operational in or around 2020 through 2022.

   b. Leon Haynes ("Haynes"), a co-conspirator not charged in this Information, resided in Bogota, New Jersey and Teaneck, New Jersey, and was a tax preparer who assisted BRAMWELL in filing various tax forms with the Internal Revenue Service ("IRS").

   c. The IRS was an agency of the United States Department of the Treasury responsible for administering the tax laws of the United States and collecting taxes owed to the United States, including income taxes and employment taxes.

d.   Federal law required employers to collect, truthfully account for, and pay over to the United States, certain payroll taxes, including their employees' withheld federal income taxes, Social Security and Medicare taxes, and the employer's matching portion of the Social Security and Medicare taxes. A responsible person at a business was required to file quarterly an Employer's Quarterly Federal Tax Return, Form 941 ("Form 941"), reporting certain information and assessing payroll taxes for the business. On the Form 941, the responsible person was required to supply the IRS with information about the number of employees the business had and the wages paid by the business to its employees during that quarter, among other information.

COVID-Related Tax Credits

e.   The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), enacted in March 2020, provided emergency financial assistance to individuals and businesses economically impacted by the COVID-19 pandemic, including employee retention credit ("ERC"), designed to encourage businesses to retain employees on their payroll during the COVID-19 pandemic. The Taxpayer Certainty and Disaster Tax Relief Act of 2020 and the American Rescue Plan Act modified and extended the ERC.

f.   For calendar year 2020, the ERC was a refundable tax credit against certain employment taxes equal to 50 percent of up to $10,000 of qualified wages an eligible employer paid to each employee after March 12, 2020 through December 31, 2020. For calendar year 2021, the ERC was a refundable tax credit against certain employment taxes equal to 70 percent of up to $10,000 of qualified

wages an eligible employer paid to each employee during each quarter. Thus, the ERC was capped at $5,000 per employee for calendar year 2020 and $7,000 per employee per quarter for calendar year 2021.

    g. Generally, businesses and tax-exempt organizations that qualified for the ERC are those that: (a) were shut down during 2020 or the first three calendar quarters of 2021 by government order due to the COVID-19 pandemic; (b) experienced the required decline in gross receipts during the eligibility periods during 2020 or the first three calendar quarters of 2021; or (c) qualified as a recovery startup business for the third or fourth quarters of 2021.

    h. The Families First Coronavirus Response Act provided for eligible employers to receive refundable tax credits for wages paid to employees while on sick leave to recover from any injury, disability, illness, or condition resulting from COVID-19 or wages paid to employees while on family leave to care for a family member who was injured, disabled, ill, or otherwise suffering from a condition due to COVID-19. Together, these credits are called the Sick and Family Leave Wage Credit ("SFLC").

    i. Under the SFLC, employers were entitled to receive a dollar-for-dollar credit for qualified wages paid to an employee, plus allocable health plan expenses and the employer's share of Medicare taxes, while that employee was on sick leave resulting from COVID-19. This credit was limited to up to ten days of sick leave per employee for the period ending March 31, 2021. That resulted in a maximum credit of $5,110 per employee for that period. The American Rescue Plan

Act ("ARPA") provided an identical credit for the period April 1, 2021 through September 31, 2021 with an identical maximum of $5,110 in credits per employee.

   j. Under the SFLC, employers also were entitled to receive a credit of up to two-thirds of the qualified wages paid to an employee while that employee was on family leave to care for a family member suffering from a condition resulting from COVID-19, plus allocable health plan expenses and the employer's share of Medicare taxes. For the period ending March 31, 2021, this credit was limited to up to $200 per day for up to ten weeks, resulting in a maximum eligible credit of $10,000 per employee. The ARPA provided an identical credit for the period April 1, 2021 through September 31, 2021 and extended the length of family leave to twelve weeks, thereby raising the maximum eligible credit for that period to $12,000 per employee.

   k. Together, the ERC and SFLC are referred to herein as the "COVID-Related Tax Credits."

   l. COVID-Related Tax Credits could be claimed by an employer by filing a Form 941 or an Adjusted Employer's Quarterly Federal Tax Return or Claim for Refund, Form 941X, with the IRS for the relevant quarter.

   m. The same wages could not be reported as both qualified sick leave wages and qualified family leave wages. Thus, employers were not eligible to receive both the ERC and SFLC with respect to the same wages.

## The Conspiracy

2.  From on or about November 28, 2021 through on or about March 23, 2022, in Bergen County, in the District of New Jersey, and elsewhere, the defendant,

**TAISHA BRAMWELL**,

did unlawfully, voluntarily, intentionally, and knowingly conspire, combine, confederate, and agree together with Haynes and others to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful Government functions of the IRS in the ascertainment, computation, assessment, and collection of the revenue: namely, employment taxes.

## Goal of the Conspiracy

3.  The goal of the conspiracy was for BRAMWELL, Haynes, and others to enrich themselves and others by fraudulently obtaining COVID-Related Tax Credits.

## Manner and Means of Scheme to Defraud

4. It was part of the scheme that:

a.  From on or about November 28, 2021 through on or about March 23, 2022, BRAMWELL and Haynes prepared and filed and caused to be filed Forms 941 falsely claiming COVID-Related Tax Credits for clients (the "Clients"), some of whom were knowing participants in the scheme. These false returns requested a total of $18,225,701 in tax refunds based on COVID-Related Tax Credits.

b.  Many of the Forms 941 prepared in furtherance of the scheme were false and fraudulent because they listed employees and wages that, in fact, did not actually exist.

5

  c. Nearly all of the Forms 941 prepared in furtherance of the scheme were false in that they sought more funds than the programs allowed, including by claiming the same wages as both qualified sick leave wages and qualified family leave wages and claiming the ERC and SFLC with respect to the same wages.

  d. As part of the scheme, BRAMWELL recruited the Clients to file false Forms 941 claiming COVID-Related Tax Credits.

  e. BRAMWELL charged the Clients a percentage of any tax refund check received as a result of the false Forms 941 BRAMWELL and Haynes prepared and filed in furtherance of the conspiracy.

  f. BRAMWELL also profited by preparing and submitting fraudulent Forms 941 claiming COVID-Related Tax Credits for the Companies and receiving tax refunds based on those false Forms 941.

  g. As a result of the scheme, the U.S. Treasury disbursed a total of at least $4,451,602 in fraudulent tax refunds to BRAMWELL and the Clients.

## OVERT ACTS

5. In furtherance of the conspiracy, and to effect its illegal object, BRAMWELL and others committed the following overt acts, among others, in the District of New Jersey, and elsewhere:

  a. On or about the following dates, and for the following quarters, Haynes and BRAMWELL prepared and filed, and caused to be filed, the following false Forms 941 claiming COVID-Related Tax Credits:

| Overt Act | Approx. Date Form 941 was Received by IRS | Tax Period | Taxpayer |
|---|---|---|---|
| (i) | 11/28/2021 | 2020 Q2 | Stampd Up Inc. |
| (ii) | 11/28/2021 | 2020 Q3 | Stampd Up Inc. |
| (iii) | 11/28/2021 | 2020 Q4 | Stampd Up Inc. |
| (iv) | 11/28/2021 | 2021 Q1 | Stampd Up Inc. |
| (v) | 11/28/2021 | 2021 Q2 | Stampd Up Inc. |
| (vi) | 11/28/2021 | 2021 Q3 | Stampd Up Inc. |
| (vii) | 11/29/2021 | 2020 Q2 | Live Life Clean |
| (viii) | 11/29/2021 | 2020 Q3 | Live Life Clean |
| (ix) | 11/29/2021 | 2020 Q4 | Live Life Clean |
| (x) | 11/29/2021 | 2021 Q1 | Live Life Clean |
| (xi) | 11/29/2021 | 2021 Q2 | Live Life Clean |
| (xii) | 11/29/2021 | 2021 Q3 | Live Life Clean |
| (xiii) | 11/29/2021 | 2021 Q1 | L & R Events |
| (xiv) | 11/29/2021 | 2021 Q2 | L & R Events |
| (xv) | 11/29/2021 | 2021 Q3 | L & R Events |

In violation of Title 18, United States Code, Section 371.

## COUNT TWO
(Mail Fraud)

6. The allegations in paragraphs 1 and 3 through 5 of this Information are realleged here.

7. From on or about November 28, 2021 through on or about March 23, 2022, in Bergen County, in the District of New Jersey, and elsewhere, the defendant,

**TAISHA BRAMWELL**,

knowingly and intentionally devised and intended to devise a scheme and artifice to defraud the IRS and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, including by filing a false Form 941 claiming COVID-Related Tax Credits for Stampd Up Inc. for 2021 Q2, and, for the purpose of executing and attempting to execute such scheme and artifice, did knowingly transmit and cause to be transmitted by means of the mails in interstate and foreign commerce a tax refund check in the amount of $75,962.34 mailed by the United States Treasury on or about January 5, 2022 from Kansas City, Missouri to BRAMWELL in New Jersey, corresponding to the fraudulent tax refund claimed on the Form 941 filed for Stampd Up Inc. for 2021 Q2.

In violation of Title 18, United States Code, Section 1341.

## FORFEITURE ALLEGATION AS TO COUNT TWO

Upon conviction of the offense charged in Count Two of this Information, the defendant, **TAISHA BRAMWELL**, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), all property, real or personal, which constitutes or is derived from proceeds traceable to the commission of such offense.

## SUBSTITUTE ASSETS PROVISION

If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

_Philip R. Sellinger_
PHILIP R. SELLINGER
UNITED STATES ATTORNEY

9

CASE NUMBER: 24-_____

# United States District Court
# District of New Jersey

**UNITED STATES OF AMERICA**

v.

**TAISHA BRAMWELL**

## INFORMATION FOR

18 U.S.C. § 371
18 U.S.C. § 1341

PHILIP R. SELLINGER
UNITED STATES ATTORNEY
FOR THE DISTRICT OF NEW JERSEY

MATTHEW STARK
FATIME MEKA CANO
ASSISTANT U.S. ATTORNEYS
NEWARK, NEW JERSEY
973-645-2700